REQUESTED BY: Senator Tom Vickers Member of the Legislature Room 1110 State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
You requested an Attorney General's opinion as to whether LB 457, the Hazardous Materials Disclosure Act, has been federally preempted. You also ask whether the preemption would apply only to the labor portions of the bill and whether the fire department's notice provision would stand.
It is our opinion that portions of the bill, at least those which address the communication of chemical hazards to employees in the manufacturing sector, are preempted. Because the definition of "employer" in section 2 of LB 457 is drafted broadly, it would probably be read to include manufacturers of hazardous chemicals as well as those who use such substances in a manufacturing process. Therefore, the entire bill could be said to be federally preempted.
The question of federal preemption of state law in the regulation of hazardous chemicals in the work place has been addressed in two jurisdictions. In both cases the analysis centered on existing federal standards and whether state regulation addressed the same concerns. 29 U.S.C. § 667(a). Where state regulation deals with the same subjects as federal law, but is not inconsistent with the federal law, a state may submit its plan to the Secretary of Labor for approval if it desires to assume regulatory responsibility in the area. 29 U.S.C. § 667(b).
In West Virginia Manufacturers' Association v. State of West Virginia, 714 F.2d 308 (4th Cir. 1983), a West Virginia state statute that required employers to disclose hazards of exposure to hazardous or toxic materials was challenged on state constitutionality and federal preemption grounds. The Court of Appeals found that the statute was constitutional and was not preempted by the federal Occupational Safety and Health Act of 1970 (OSHA Act). On the specific preemption question, the court determined that while standards relating to toxic and hazardous materials and their safe exposure levels had been drafted on the federal level, the federal law did not operate to preempt the West Virginia standards because the two laws were different in object and purpose. The court rejected contentions that the term "standard" and the intent of Congress to regulate the entire field, disclosure to employees as well as safe levels of exposure, must be interpreted broadly.
 We do not find this point persuasive. So sweeping a definition of the term "standard" would defeat most forms of State participation in achieving the national objective of safe work places. Moreover, we are reluctant to attribute proscriptive meaning to the Federal agency's decision not to require posting. Federal determinations not to regulate may stem from ennumerable considerations unrelated to the health and safety issue. Such a negative implication should not be preclusive. We now hold that West Virginia properly may assert her interest in this fashion.
Id. at 314.
The second and most recent case dealing with the federal preemption of state hazardous substance disclosure laws is New Jersey State Chamber of Commerce v. Hughey,600 F. Supp. 606 (D.N.J. 1985). In this case, plaintiff sought declaratory and injunctive relief, asserting primarily that the New Jersey Worker and Community Right to Know Act was federally preempted by the OSHA Act, 29 U.S.C. §§ 651 et seq. The district court held that absent a request for federal approval the Occupational Safety and Health Administration's hazard communication standard preempted the state law as to manufacturing employers and as to those employers, the state act was preempted in its entirety even as regards non-workplace regulatory objectives.
 Comparing the Right to Know Act and the federal standard, it is apparent that the Right to Know Act deals, to a very great extent with hazard communication in the workplace, the identification of hazardous substances, labelling, and workplace training and educational programs, the precise issues covered by the standard. Unless one of the reasons defendants advance for not applying the preemption controls, it would appear that the Right to Know act is subject to the express preemptive effect of the federal statute and administrative standard.
Id. at 618.
The court conceded that the Right to Know act may not have been inconsistent with the federal standards and may well have been the type of legislation that furthered the OSHA's objectives and would therefore be permitted under the Act. "Congress, however" said the court, "has required that a determination in this regard must be made in the first instance by the Secretary of Labor and that until such a determination is made and OSHA's standard preempts the area of regulation." Id. at 619.
While it is true that the two cases cited above are not products of the Eighth Circuit, there is a strong possibility that the federal courts in this jurisdiction would rule in a similar manner on the federal preemption question as applied to the Nebraska Hazardous Materials Disclosure Act as contained in LB 457. That same preemption would similarly apply to the notice provisions to local fire departments. It does not appear, however, that the regulatory scheme set out in LB 457 is necessarily inconsistent with federal regulation in the area. It would therefore seem that federal approval by the Secretary of Labor for state assumption of regulation in this area would be a recommended and viable option.
Very truly yours,
ROBERT M. SPIRE Attorney General
Ruth Anne E. Galter Assistant Attorney General